The Chief Justice
delivered the opinion of the Court.
Gray hied his bill in chancery, in the Todd circuit court, against Ducker and Jones, to enforce a supposed equitable lien, on lots sold bv him to Ducker, and for the price of which, he held Ducker’s bond, with Jones as his surety.
The Bill charges, that Ducker had removed from the commonwealth, and left no other - property than the lots.
But there is no allegation of the removal, or .'insolvency of Jones.
The subpeena was served 'on Jones, ,in Christian county, and there was constructive service on Ducker by publication.
The bill having been taken for confessed, against: both defendants., T.he circuí t.court decreed. tbe,.sale of the land, in discharge of the note. *
This decree must .-be reversed for two reasons,
1st. The whole of the land, is directed to be sold. This is unjust. If a sale of a part of the tract, would aalify the debt, more ought not to be sold, than shpuld be ¡necessary. As the’lien will be discharged, • whenever the debt shall be paid, no more of the land *164 should be sold, than would be necessary to extinguish the lien.
Eenny, for plaintiffs.
2d. As Gray had other security, for the considera’ tion, his equitable lien on the land, was waived.
The insolvency or non-residence of both defendants, might have furnished ground, for the interposition of the chancellor. But, as Jones had not"left the state, and there is no allegation. of his insolvency, the chancellor-had no jurisdiction. Either his insolvency, or removal from the state, would have rendered ineffectual, the legal remedy, and therefore, have given the chancellor jurisdiction, without a previous judgment at law.
But the bill exhibits neither of these grounds of equity. The counsel for- Jones is mistaken, in supposing, that the Todd circuit court, had no jurisdiction, because neither of the defendants, resided in Todd county. If the equitable Hen, had existed, that court would have had jurisdiction.
A bill to enforce an equitable lien, is a proceeding, “in rem" and in such a case, the thing gives jurisdiction.
The act of 1827, (Session Acts, 158,) “to amend the laws, in relation to absent defendants,” does not apply to this case. The complainant did not proceed con-formably to its provisions.
Wherefore, the decree is reversed, and the cause remanded, with instructions to dismiss the bill without prejudice.